UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAURO ALEJANDRO TUDARES,           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 1:26-cv-00836-JRO-TAB
                                   )
INDIANA SCHOOL OF DENTISTRY,       )
                                   )
            Defendant.             )

## ORDER

Before the Court is Plaintiff Mauro Alejandro Tudares's complaint against Defendants Dr. Angela Bruzzaniti, Dr. Carol Murdoch-Kinch, Dr. Juan Fernando Yepez, Dr. Alexandru Movila, and Dr. Richard Gregory. Dkt. 1. Tudares has not yet paid the $405 filing fee. The Court orders immediate payment of this amount. If Tudares wishes to proceed *in forma pauperis* under 28 U.S.C. § 1915—that is, without pre-payment of fees— Tudares must file a proper motion to do so by **May 29, 2026**. Failure to move to proceed *in forma pauperis* or pay the filing fee by that date will result in the dismissal without prejudice of this action without further warning or opportunity to show cause. Further, as discussed below, the Court exercises its general power to screen complaints to **DISMISS** Tudares's complaint for failure to state a claim.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). This statute imposes an obligation on the Court, but the Court also has

discretion to screen other complaints.  "[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).  Further, "[n]otwithstanding any filing fee . . . the court shall dismiss the case at any time" if the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff."  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).  To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed.  *Twombly*, 550 U.S. at 555.  In other words, a plausible claim "must allege enough details about the subject-matter of the case to present a story that holds together."  *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

*Pro se* complaints, such as that filed by Tudares, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."

*Arnett*, 658 F.3d at 751.  Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

### III. THE COMPLAINT

Tudares was enrolled in the Indiana University School of Dentistry's "PhD Program in Dental Science" from 2019 until he was dismissed from the program on October 27, 2025.  Dkt. 1 at 2.  Tudares claims this dismissal violated his civil rights because it was on the basis of his "sex, race, national origin, ethnicity, color and also included disability" and also violated his "freedom of thinking" and right to "protection from discrimination in educational institutions."  *Id.*  In June 2025, Tudares filed a complaint for harassment and discrimination with the Office of Civil Rights Compliance at Indiana University-Indianapolis ("IU-Indy") against

> a) Dr. Angela Bruzzaniti (Mr. Tudares [sic] former mentor), b) Dr. Carol Murdoch-Kinch (Dean IU School of Dentistry), c) Dr. Juan Fernando Yepez (Associate Dean for Graduate Education IU School of Dentistry) denouncing them for hostility, retaliation and discrimination, d) Dr. Alexandru Movila for hostility, and e) and Dr. Richard Gregory for hostility and intimidation.

*Id.*  Tudares's thesis committee alleged his dismissal in October was based on "poor performance during Mr. Tudares [sic] thesis writing."  *Id.*

### IV. DISCUSSION

Giving the complaint its most liberal reading, the Court construes Tudares to bring a complaint now for the same conduct about which he previously

complained to the IU-Indy Office of Civil Rights Compliance and for discriminatory termination from the PhD program. Even under this generous reading, however, Tudares's complaint fails to meet the plausibility standard required in federal courts. *See Iqbal*, 556 U.S. at 678.

Tudares provides no facts that allow the Court to determine how the defendants were hostile to him. No facts as to the actions each took to discriminate against or intimidate him. No facts as to how the defendants retaliated against him. In short, Tudares does not present "a story that holds together." *Bilek*, 8 F.4th at 586. While he states he was dismissed from the program based on allegations of "poor performance," he does not say those allegations were false or a pretext to dismiss him in violation of his civil rights. In sum, his complaint lacks sufficient facts to give the defendants "fair notice of . . . the grounds upon which [his case] rests." *Twombly*, 550 U.S. at 555.

## V. CONCLUSION

Because Tudares's complaint fails to state a claim upon which relief can be granted, it must be **DISMISSED**. Fed. R. Civ. P. 12(b)(6). The dismissal of the complaint will not lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809

4

F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 5, 2026, to file an amended complaint.**  Any such amended complaint shall be accompanied by payment of the $405 filing fee or a motion to proceed *in forma pauperis* under  28 U.S.C. § 1915—that is, without pre-payment of fees— on the appropriate court form.  The **clerk is directed** to attach a non-prisoner form motion for leave to proceed *in forma pauperis* to this Order.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.  In organizing his complaint, the plaintiff shall continue to use the Court's complaint form which he used for his first complaint.  *See* Local Rule 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, No. 1:26-cv-00836-JRO-TAB, and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  Therefore,

it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. **Tudares must specifically provide the information required for each defendant on Section II.B. of the complaint form** to the greatest extent feasible.

If the plaintiff files an amended complaint and motion to proceed *in forma pauperis*, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, or if Tudares files an amended complaint without either a motion to proceed *in forma pauperis* or with payment of the filing fee, **this action will be dismissed without further notice or opportunity to show cause**.

**SO ORDERED.**

Date:   5/5/2026                          _____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MAURO ALEJANDRO TUDARES
915 Gardengate Pl.
Apt. H
Indianapolis, IN 46202

6